IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ERIK SALAIZ**, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>*versus*<br><br>**ECONOMIC TRADING, INC.** d/b/a **OFFER TAX**, a Wyoming Corporation<br><br>Defendant, | Civil Action No. 3:24-CV-463<br><br>**JURY DEMAND**<br><br>**DEMAND FOR CLASS ACTION** |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

ERIK SALAIZ ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant ECONOMIC TRADING, INC. d/b/a OFFER TAX, (hereinafter "Defendant" or "Offer Tax") to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code 302.101 (hereinafter "TBCC"). Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from Defendant Offer Tax.  Plaintiff alleges as follows upon

1 | P a g e

personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

## PARTIES

1. Plaintiff Erik Salaiz (hereinafter "Plaintiff") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Plaintiff may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com

3. Defendant Offer Tax is a corporation organized and existing under the laws of Wyoming, headquartered in Los Angeles, CA, and can be served via its registered agent Registered Agents Inc at 30 N Gould Street, Suite R, Sheridan, Wyoming 82801.

## JURISDICTION AND VENUE

4. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiffs TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012).

6. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant. The Defendant sent its illegal telemarketing calls to a telephone number in this District. Furthermore, Defendant does continuous and systematic business in this District by selling its services into this District.

7. This Court has general personal jurisdiction over the Defendant as they, upon information and belief, authorized unsolicited calls to be placed on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the state law claims under the Texas Business and Commerce Code form part of the same case or controversy as Plaintiff's claims under the TCPA.

9. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claims alleged herein occurred within the Western District of Texas.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person who resides in this District.

11. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number (XXX) XXX-0898 is a residential number.

13. Plaintiff's telephone number (XXX) XXX-0898 is used for personal purposes and is not associated with business.

14. Upon information and belief, Defendant offers tax services to consumers nationwide including Texas according to its website https://offertax.com.

15. Upon information and belief, as part of their marketing campaign, and to generate new business, Defendant Offer Tax sends ringless voicemails using an artificial or prerecorded voice to thousands of consumers residential telephone numbers without obtaining the consumers' consent.

16. A ringless voicemail is a technology that allows users to send a voicemail message to a recipient's voicemail without ringing their phone.

17. On November 21, 2022, the Federal Communications Commission ("FCC") ruled that ringless voicemails are subject to the TCPA and require consumer consent.

18. The FCC found that ringless voicemails are "calls" made using an artificial or prerecorded voice.

19. Upon information and belief, Defendant Offer Tax makes substantial profit gains by generating new customers through illegal telemarketing.

20. On August 26, 2024, at 9:13AM, Plaintiff received a ringless voicemail to his telephone number -0898 from Defendant Offer Tax from caller ID (839) 432-9388.

21. When Plaintiff played the voicemail received from Defendant Offer Tax, Plaintiff heard an artificial or prerecorded voice that stated,

    "A nonprofit organization please reach out to me at (855) 589-3765 we believe you might qualify for our tax relief programs which could significantly reduce or eliminate your tax debt and put a stop to collections. give us a call back today before 5:00 PM at (855) 589-3765 a quick conversation could make a real difference, if you're not interested you can call us back and press 8 during the menu prompts to opt out thank you"

22. The ringless voicemail Plaintiff does not identify Defendant Offer Tax.

23. The ringless voicemail Plaintiff received from Defendant Offer Tax was clearly pre-recorded because (a) it was sent with automated technology used to mask Caller IDs (b) it

used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

24. Plaintiff was annoyed and frustrated by the ringless voicemail received by Defendant Offer Tax as Plaintiff did not request information regarding tax relief services.

25. On the same day, August 26, 2024, Plaintiff called back the phone number left in the ringless voicemail (855) 589-3765 as it was the only way to identify who was behind the call.

26. Plaintiff was connected to a male agent with Defendant Offer Tax who falsely identified himself with "tax services."

27. Plaintiff advised the agent that Plaintiff was responding to a voicemail they left him regarding tax relief services.

28. The agent with Defendant Offer Tax advised Plaintiff that he was a "junior settlement officer" and just needed to ask Plaintiff a few qualifying questions prior to transferring Plaintiff to a "senior officer."

29. The agent with Defendant Offer Tax asked Plaintiff qualifying questions regarding Plaintiff's tax debt and advised Plaintiff he was a good candidate for Defendant Offer Tax's services.

30. The agent with Defendant Offer Tax then transferred Plaintiff to a "senior officer" with Defendant named Joshua Price (hereinafter "Price").

31. Price asked Plaintiff more qualifying questions and attempted to solicit Plaintiff for a "fresh start program" on behalf of Defendant Offer Tax.

32. Plaintiff received a text message and email from Price with his company credentials which identified Defendant Offer Tax.




33. Upon information and belief, Plaintiff has received additional unsolicited calls from Defendant Offer Tax within the past two years that are unknown to Plaintiff at this time but will be revealed through Defendant's call records during discovery.

34. Upon information and belief, Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

35. Upon information and belief, Defendant does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through Defendant's agents.

36. Plaintiff is a Texas resident.

37. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant's registration.

38. Defendant does not qualify for an exemption under § 302.053.

39. Plaintiff never provided his prior express written consent to receive any of the alleged calls.

40. The alleged call was a nonconsensual encounter that was not made for emergency purposes.

41. Upon information and belief, the alleged call was placed while knowingly ignoring the national do-not-call registry.

42. Upon information and belief, the alleged call was placed without training their agents/employees on the use of an internal do-not-call policy.

43. Plaintiff has never been a customer of Defendant and never knew who Defendant was prior to receiving the alleged call.

44. Plaintiff was harmed by the alleged call. Plaintiff was temporarily deprived of legitimate use of his phone because his privacy was improperly invaded. Moreover, the call injured Plaintiff because it was frustrating, obnoxious, annoying, was a nuisance and disturbed the solitude of Plaintiff.

## CLASS ALLEGATIONS

45. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

    **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called and/or any entity making calls on behalf of Defendant (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

    **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called and/or any entity any entity making calls on behalf of Defendant (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

46. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

47. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant has called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

48. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

49. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

50. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive

relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

51. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the unsolicited call was caused by the Defendant;

    b. Whether the unsolicited call promoted the Defendant's products or services;

    c. Whether the Defendant obtained written express consent prior to sending the calls;

    d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

52. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

53. Plaintiff, pursuant to local rules, shall move to certify this complaint as a Class Action.

54. Plaintiff will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiffs 'Motion to Certify.

## INJURY, HARM, DAMAGES, INJURY, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

55. Plaintiff realleges paragraphs one through fifty-four and incorporates them herein as if set forth here in full.

56. The alleged call harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

57. The alleged call harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

58. The alleged call harmed Plaintiff by intruding upon his seclusion.

59. Plaintiff has been harmed, injured, and damaged by the call including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**FIRST CAUSE OF ACTION:**
Violation of 47 U.S.C. § 227(b)
Artificial or Prerecorded Voice
(On Behalf of All Class – Against Defendant)

60. Plaintiff realleges paragraphs one through fifty-nine and incorporates them herein as if set forth here in full.

61. Defendant and/or its agents placed unsolicited calls to Plaintiff's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

62. The calls were made for the express purpose of soliciting customers for Defendant's goods and services.

63. When Plaintiff and the Class answered and/or listened to their voicemails, the calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

64. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

65. Defendant and/or its agent made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

66. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION:**
Violations of The Texas Business and Commerce Code § 302.101
Failure to obtain a Telephone Solicitation Registration Certificate
(**On behalf of Plaintiff and the Texas Subclass**)

67. Plaintiff realleges paragraphs one through one through sixty-six and incorporates them herein as if set forth here in full.

68. Defendant's illegal solicitation sales calls to Plaintiff and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

69. Upon information and belief, the actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

70. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

71. Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

72. As a result of the Defendant's violation of Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

73. As a result of the Defendant's violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Erik Salaiz, individually and on behalf of the Class prays for the following relief:

A. An order declaring that the Defendant's actions, as set out above, violate 227(b) of the TCPA;

B. An order declaring that the Defendant's actions, as set out above, violate 227(b) willfully and knowingly;

C. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each violation;

D. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

E. An order declaring that the Defendant's actions, as set out above, violate Texas Business and Commerce Code 302.101;

F. An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

G. An injunction requiring Defendant to cease sending all unlawful calls;

H. An award of reasonable attorneys' fees and costs; and

I. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 31th day of December 2024.

Respectfully Submitted,

14 | P a g e

                                                             The Darwich Law Firm, LLC
                                                              /Omar F. Darwich/
                                                              Omar F. Darwich
                                                              Tx Bar No. 24124686
                                                              6090 Surety Dr, #305
                                                              El Paso, TX 79905
                                                              (915) 671-2221
                                                              omar@darwichlegal.com

                                                              **ATTORNEY FOR PLAINTIFF**